IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 2000 Session

**STATE OF TENNESSEE v. DOUGLAS CANADY**

**Appeal from the Criminal Court for Hickman County**
**Nos. 98-5126CR-II and 99-5022CR-II      Timothy L. Easter, Judge**

---

**No. M1999-02135-CCA-R3-CD - Filed September 29, 2000**

---

Defendant, Douglas Canady, appeals his conviction for aggravated robbery, for which he received a sentence of ten years in the Department of Correction. The sole issue in this appeal is whether the evidence is sufficient to support the verdict. Finding the evidence sufficient, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JERRY L. SMITH, J., and L. TERRY LAFFERTY, SR. J., joined.

Troy L. Brooks, Clarksville, Tennessee, for the appellant, Douglas Canady.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Ronald L. Davis, District Attorney General; Jeffrey L. Long and Judson W. Phillips, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

This case arose from a property dispute between the elderly victim and the sixty-two-year-old defendant.[1] There had been multiple lawsuits involving the property. The victim, James Roder, testified that the defendant had committed various acts of vandalism against him as a result of the property dispute and had threatened him if the victim carried him back to court.

---

[1] The age of the victim is not set forth in the record; however, the defendant in his testimony referred to the victim as an "old man."

On July 27, 1998, the victim discovered a trench dug across his property access. The victim refilled it but found on the next day that the trench had been re-excavated. In an effort to catch the culprit, who he suspected to be the defendant, the victim carried a video camera and still camera to the location. He also had a machete in a bag to cut branches in order to hide.

The victim concealed himself behind some bushes. The defendant eventually appeared at the location with a shovel, and the victim began to film with the video camera. The defendant spotted the victim filming and began to throw rocks at him. The victim testified that he then put the video camera in the bag with the machete, and that the only part of the machete sticking out of the bag was the handle. The victim denied ever grabbing the machete or displaying it to the defendant.

According to the victim's testimony, the victim began to walk back toward his home when the defendant confronted him with the shovel and stated, "I guess you know I'm going to have to hurt you soon." The victim testified the defendant hit him in the head with the shovel knocking him to the ground. The victim stated he was hit two more times with the shovel and ended up in a gully. The victim further stated that the defendant hit him a fourth time. The victim testified the defendant then searched him and removed everything from his pockets and also took the still camera, with which the victim had also taken some pictures, and bag containing the video camera and machete. Eventually, the victim made his way back to his home and called the authorities.

Deputy Gary Ola responded to the call and subsequently went to the defendant's residence. After several minutes, the defendant answered the door. The defendant told Deputy Ola, "I would've never turned my back on that bastard had I not knowed he was dead (sic)." The defendant led the officer to a shower where the officer discovered the victim's water-soaked bag. The still camera appeared wet, and the film could not be developed since it was "soaking wet." The bag also contained the video camera and the machete.

The defendant testified at trial. He stated the victim was trespassing on this occasion, and he told the victim to get off his property. He denied throwing any rocks at the victim. He stated that the victim confronted him and raised the machete to hit him. The defendant said he acted in self-defense, stated he hit the victim only one time and not four as the victim testified, and denied searching or removing anything from the pockets of the victim. He testified he took the bag, machete and cameras only for evidentiary purposes and put them in his shower at his residence to hide them temporarily. He denied getting the bag or camera wet and said the camera was dry when the officer got it. According to the defendant, the officer opened the camera, exposed the film and rendered the film incapable of being developed. He further denied telling the officer that he would never have turned his back on the victim had he known the victim was not dead.

The Hickman County jury found the defendant guilty of both aggravated assault and aggravated robbery. The trial court merged the aggravated assault conviction into the conviction for aggravated robbery and sentenced the defendant to a term of ten years in the Department of Correction. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

Defendant challenges the sufficiency of the convicting evidence. In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *Id.*; State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). The appellant has the burden of overcoming this presumption of guilt. *Id.*

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Abrams, 935 S.W.2d 399, 401 (Tenn. 1996). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

### A. Self-Defense

The crux of the defense theory was that the defendant's use of force was self-defense. *See* Tenn. Code Ann. § 39-11-611(a). If evidence is introduced supporting self-defense, the burden is on the state to prove beyond a reasonable doubt that the defendant did not act in self-defense. Tenn. Code Ann. § 39-11-201(a)(3). However, whether an individual acted in self-defense is a factual determination to be made by the jury. State v. Goode, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997). Although the trial court properly charged self-defense to the jury, the jury rejected this defense.

The defendant's testimony, if found to be credible, supported self-defense with regard to the use of force. However, we must view the evidence in a light most favorable to the state. According to the victim, the victim did not grab or threaten the defendant with the machete. The jury chose to believe the victim, as was the jury's prerogative since it had the responsibility of judging the credibility of the witnesses. We are not at liberty to second-guess the jury in light of this testimony. There was sufficient evidence for the jury to reject self-defense.

### B. The Taking of Property

Defendant insists the evidence is insufficient to show that he intended to deprive the victim of the victim's property at the time of the altercation. He insists that he only intended to deprive the victim of the property temporarily and strictly for evidentiary purposes.

Robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a). Aggravated

robbery is a robbery "[a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon." Tenn. Code Ann. § 39-13-402(a)(1). A "deadly weapon" includes anything "that in the manner of its use ... is capable of causing death or serious bodily injury." Tenn. Code Ann. § 39-11-106(5)(B). A person who knowingly obtains or exercises control over property without the owner's effective consent with the "intent to deprive" the owner of the property commits theft. Tenn. Code Ann. § 39-14-103. "Deprive" includes withholding property permanently or "for such a period of time as to substantially diminish the value or enjoyment of the property to the owner" or using it "under circumstances that makes its restoration unlikely." Tenn. Code Ann. § 39-11-106(8)(A) and (C). In order to constitute robbery, the violence or putting the victim in fear "must precede or be concomitant to or contemporaneous with the taking of property." State v. Owens, ___ S.W.3d ___, ___ (Tenn. 2000).

Viewing the evidence in a light most favorable to the state, the evidence is sufficient to support the conviction. The victim testified that the defendant struck him with a shovel four times and took his two cameras. Under these circumstances, the shovel constituted a deadly weapon, and the violent act preceded the taking of the property. The jury could further infer that at the time of the taking the defendant intended to withhold the cameras for such a period of time as to substantially diminish their value to the victim, and that the defendant intended to destroy the film. We must, therefore, conclude that the evidence was sufficient to satisfy the elements of aggravated robbery.

## CONCLUSION

Based upon our review of the record, we conclude that the evidence was sufficient to support the conviction for aggravated robbery. Accordingly, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE

-4-